G. Wayne Harris & another *vs.* James F. Doyle. December 7, 1982. The defendant, an owner and prospective seller of a new house and lot under a purchase and sale agreement with the plaintiffs, was held liable under G. L. c. 93A for the return of the plaintiffs' $3,000 deposit and for attorney's fees. The plaintiffs had been concerned before executing the agreement that the assessment would be such as to put the tax bill over $2,500, but they were told by one Gabriel, a real estate broker, that the assessors would not determine an assessment until they were shown a purchase and sale agreement. After executing the agreement, which called for a purchase price of $63,250, the plaintiffs learned that the assessment had been determined prior to execution and was such that the tax bill would exceed $2,500. Upset, they telephoned the broker who, speaking for (and in the presence of) the defendant, said they could elect to rescind and have their deposit back. On conflicting testimony the judge found that the election was to be made within twenty-four hours. He also found that it was made within that time. The latter finding was clearly erroneous, the testimony most favorable to the plaintiffs being that their election to rescind was communicated to Gabriel two days later. There was evidence that Gabriel then assured the plaintiffs that the deposit would be returned and immediately notified the defendant that the sale would not go through; that the plaintiffs relied upon Gabriel's assurance; that the deposit was not returned; and that the defendant, who had had an alternative buyer to whom he could have sold the house if the plaintiffs had made their election within twenty-four hours, five months later sold the house for $69,500. The plaintiffs took no appeal from the portions of the judgment adverse to them on counts for deceit and breach of contract.

The judgment for the plaintiffs must be reversed, because it appears to us to rest on the erroneous finding. The plaintiffs' contention that the

judgment is meant to rest on the assurance given by Gabriel is by no means clear from the record; and, indeed, there is no explicit finding that Gabriel gave the assurance relied on, nor is it explicitly found that Gabriel's authority extended to waiving the twenty-four hour limitation or that the defendant ratified the waiver.

Because there is no way of knowing what findings the trial judge would have made in these areas if he had not misconstrued the evidence bearing on the plaintiffs' acceptance of the offer of rescission, we think that the case should be remanded to the Superior Court either for additional findings or, in the discretion of the court, a new trial, on the plaintiffs' third count.

*So ordered.*

*John G. Ryan* for the plaintiffs.
*James F. Doyle,* pro se, submitted a brief.